**TANNER et al. v. DRAKE.**

No. 974.

Court of Civil Appeals of Texas. Eastland.

Feb. 5, 1932.

Bonner, Bonner & Childress, of Wichita Falls, for plaintiffs·in error.

Blanton, Blanton & Blanton, of Abilene, for defendant in error.

HICKMAN, C. J.

This case grew out of a case of the same style, Tanner v. Drake, 47 S.W.(2d) 452, this day decided by us. After judgment had been rendered in that· case in the court below in favor of defendant in error against plaintiffs in error for $17,500 as damages for personal injuries, the appellee filed an affidavit and bond in attachment and caused writs of attachment to issue thereunder, which were levied upon property belonging to plaintiff in error Campbell-Byrd Corporation. Thereafter an order was entered in the court below foreclosing the purported attachment lien against said property and ordering that same be sold as under execution, and this writ of error was prosecuted for the purpose of having this foreclosure order reviewed.

But little needs to be written. The procedure is without precedence. There was no suit pending upon which to base an attachment. A final judgment had been rendered prior to the filing of the affidavit and bond and issuance of the writ. Attachment is purely a statutory remedy, and there is no statutory provision for the issuance of a writ of attachment after judgment. It must be issued during the progress of the trial, with a single judgment awarding a money recovery and a foreclosure of the attachment

456

lien. Appellee in open court confessed error and did not file any briefs.

It is our order that the foreclosure order appealed from be reversed and here rendered in favor of plaintiffs in error.