**Frank H. GOSS, Appellant,**

v.

**STAR ENGRAVING COMPANY, a corporation, Appellee.**

No. 5660.

Court of Civil Appeals of Texas.

El Paso.

Jan. 15, 1964.

Rehearing Denied March 4, 1964.

Schuyler Marshall, James L. Gallagher, El Paso, Scott, Hulse, Marshall & Feuille, El Paso, of counsel, for appellant.

Brewster & Hoy, El Paso, for appellee.

FRASER, Chief Justice.

The appellant here is a salesman for school and college jewelry, caps and gowns, invitations, band uniforms, year books and related items. He had worked under a written contract with appellee from 1955 to 1960. After the termination of the written contract in 1960, appellant continued to procure merchandise for his customers from appellee and its associated sideline companies. On May 3, 1963 appellee notified appellant that it considered the relationship theretofore existing at an end. Then, on May 8, 1963, appellee filed its suit in the District Court of El Paso County and asked for a temporary restraining order. On June 24, 1963, after having previously dissolved the temporary

restraining order in all but one respect, the court entered the temporary injunction from which this appeal has been taken. This injunction enjoins appellant from inducing the breach of certain designated "contracts" between appellee and its customers for the life of these "contracts" pending a trial on the merits.

Appellant maintains that these "contracts" were and are unenforcible for several reasons and, because of this fact, the injunction should not have been granted and should now be dissolved. Appellant further maintains that because the so-called "contracts" could not have been the basis for any cause of action, the injunction as worded above should be dissolved. Appellant outlines a number of reasons why, in his opinion, the "contracts" were mere sales "gimicks" or purchase agreements which were not definite in their terms or mutually binding, and are vague and ambiguous.

We believe that regardless of whether these "contracts" were enforcible or not, the appellee had, by virtue of its "contracts" or written agreements, established a relationship between itself and the potential customers that constituted a definite thing of value. It will be noted here that the injunction does not attempt to restrain trade in any way by denying anyone the right to compete, nor are there any trade secrets or matters of that type involved. The injunction merely restrains appellant from inducing the breach of any existing arrangement between appellee and any of its customers during the life or term of such "contract" or agreement. We repeat—there is no question of violation of fiduciary relationship or any question involving trademarks, patents or secret customer lists involved, the appellant resting his case entirely on his position that the "contracts" being unenforcible, the injunction with the wording set forth above should not have been granted and should now be dissolved by this court. Many of the authorities cited by the appellant deal with situations where a breach of a contract is sought to be restrained or prevented, or the parties to said contracts are seeking to enforce the terms of the contract against *each other*, which is not our situation here. The trial court did not make any finding as to the legitimacy or enforcibility of the "contracts", and appellee maintains that it had established a valuable right and relationship which appellant ought not be permitted to destroy. It is pointed out that these service agreements or "contracts" are the means and manner by which salesmen are permitted to deal with schools and various segments of the student bodies of the same. We do not believe we are called upon here to determine the validity or enforcibility of the so-called "contracts" as, in our opinion, the injunction was intended to preserve the status quo of the parties until the matter could be tried on its merits. The record shows a lawsuit pending with a substantial garnishment involved and other substantial matters to be determined.

There are many cases that hold that where a contractual relationship is involved, the trial court is clothed with wide discretion in granting temporary injunctions in order to keep and hold the matters and the parties in status quo. We believe that here appellee has satisfactorily outlined a probable right and probable wrong sufficient to justify the trial court's action, and to negate any abuse of discretion on his part in granting the temporary injunction which, we repeat, restrains the appellant from "inducing a breach". It is our opinion, therefore, that the trial court was within his discretionary powers in granting the injunction, especially in view of the fact that there are other matters pending in the lawsuit, and the enforcibility or legality of the "contracts" in question has not as yet been determined. Don D. Robey v. Sun Record Co. Inc., 5 Cir., 242 F.2d 684; Yarber v. Iglehart, Tex.Civ. App., 264 S.W.2d 474; Davis et al. v. Freeman et al., Tex.Civ.App., 347 S.W.2d 650; Richardson v. Terry et al., Tex.Civ.App., 212 S.W. 523.

It will be noted in many of the above cases that the court points up the necessity of maintaining the status quo between the parties, even though it is alleged that the contracts involved are not enforcible. In the case before us it is clear, from the record, that these arrangements or "contracts" had a great potential value to appellee, and it is estimated by appellee that in ninety per cent of the cases they were carried out. This causes us to believe that the court was correct in enjoining appellant from trying to induce the parties to breach their written agreements with appellee.

Appellant's point of error is accordingly overruled, and the action of the trial court is affirmed.

## ON MOTION FOR REHEARING

We feel it proper to file a written opinion answering appellant's motion for rehearing. On his appeal from the trial court the appellant stated his sole point of error as follows:

"THE TRIAL COURT ERRED IN ENJOINING APPELLANT FROM INDUCING THE BREACH OF CERTAIN DESIGNATED 'CONTRACTS' FOR THE REASON THAT SUCH 'PURCHASE AGREEMENTS' OR 'TERM AGREEMENTS' ARE NOT REALLY COMPLETE, BINDING OR ENFORCIBLE 'CONTRACTS', AND APPELLEE HAS NO CAUSE OF ACTION AGAINST APPELLANT OR ANYONE ELSE FOR INDUCING THE BREACH OF SUCH 'CONTRACTS' BY SOLICITING BUSINESS FROM SUCH SCHOOLS AND THEIR STUDENTS."

On the basis of his position we feel we are required to pass only upon the matter set forth in the above-quoted point of error. The record does not indicate that the trial court made any direct finding or pronouncement as to the enforcibility of these contracts.

There are cases that hold that because of the trial court's broad power and discretion in granting temporary injunctions for the purpose of preserving the status quo, it is only necessary for the applicant to establish the existence of a probable right and a probable injury. These cases point out that the applicant for the injunction is not required to prove or establish that he would finally prevail in the litigation about which the injunction has been issued. Coastal Bend Milk Producers Ass'n. v. Garcia, Tex.Civ.App., 368 S.W.2d 260 (n. w. h.); Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (S.Ct.); Texas Foundries, Inc. v. International Moulders & Foundry Workers Union, 151 Tex. 239, 248 S.W. 2d 460 (S.Ct.). The trial court in the case before us, in granting the temporary injunction, stated as follows:

"* * * for the reason that Plaintiff has asserted and shown a probable right and probable injury unless the status quo is preserved pending a final hearing and determination of the issues between the parties."

We assume that the court was satisfied that the necessity and authority for the injunction existed.

Appellant, in both his brief and motion for rehearing, urges that the injunction should be dissolved because the various contracts and agreements involving the 69 different institutions are unenforcible, and do not bind the schools or school children. On the basis of the record before us we cannot determine whether all the contracts or documents are enforcible or unenforcible. They involve 69 schools and/or institutions. Some of the contracts or agreements are made by school districts, such as Ysleta and El Paso, and some by denominational schools, for material to be paid for by the schools themselves. These agreements, on their face, appear to have been executed

by persons in authority and specify prices, descriptions of the articles involved, and minimum quantities. Such contracts or documents may or may not be enforcible. There are other documents, of course, involving articles to be purchased by the school children themselves. Then there are many agreements dealing with schools in New Mexico which give every indication, upon their face, that their legality or enforcibility would come under the laws of the State of New Mexico. Lastly, this is a blanket injunction, setting forth and naming all the institutions involved.

We do not believe that the record is such that appellant's point of error can or should be sustained.

We believe this matter comes under the provisions and reasoning of the cases cited earlier in this opinion, but—in any event —we would not here be justified in reversing the trial court, since we believe, as set forth in our original opinion, that appellee pleaded and adduced sufficient proof to establish the existence of a probable right and probable injury which, in turn, justified the trial court in holding the matter in status quo under the broad discretion vested in him in matters of this type, under which circumstances the case can then be tried on its merits and the enforcibility of the various documents determined.

We should also like to point out, although it has not been mentioned by either party, that it may be that some matters within these agreements can be, or need to be, clarified or explained by parol evidence, assuming the proper predicate is established. We, of course, have no right to pick this injunction apart, piece-meal, nor have we been asked to do so.

In our original opinion we stated, "It will be noted here that the injunction does not attempt to restrain trade in any way by denying anyone the right to compete * * *." We believe that we were wrong in stating the matter as we did, because the trial court's order does specifically re-

strain Mr. Goss from persuading any of the 69 customers to buy from a company other than that of appellee. Therefore, our original opinion is amended so that on page 208, the words "by denying anyone the right to compete", are deleted.

For the reasons hereinbefore set forth, appellant's motion for rehearing is denied.