**B & B VENDING COMPANY, Appellant,**

v.

**William R. WHITE, d/b/a Maple Lounge, Appellee.**

**No. 4959.**

Court of Civil Appeals of Texas, Waco.

Dec. 17, 1970.

David Williams, Andress & Woodgate, Wm. Andress, Jr., Dallas, for appellant.

Whitley R. Sessions, Dallas, for appellee.

OPINION

HALL, Justice.

The plaintiff, B & B Vending Company, brought this action for restraining order, temporary injunction, and permanent injunction to prevent the defendant, White, from allegedly breaching a lease agreement for the location of coin-operated machines on defendant's premises. The lease expressly provides for the remedy of specific performance in the event of default, "including the remedy of injunction." Defendant did not answer plaintiff's petition. Plaintiff was granted a restraining order, but, upon the hearing for temporary injunction, the restraining order was dissolved and the injunction was denied. We reverse and remand, with instructions.

Plaintiff's vice-president was the only witness at the hearing on the temporary injunction. Defendant and his counsel were present at the hearing, but he did not testify and did not adduce any evidence.

Under the terms of the lease, plaintiff was granted the "exclusive right of installing and operating all legal coin-operated electrical phonographs, amusement devices and cigarette machines" on the defendant's business premises for a term of five years, beginning in August, 1969; and defendant was required to keep the machines connected to an electrical outlet and in operation "during all business hours." At all relevant times, plaintiff had a juke-box, some amusement machines and a cigarette vending machine on defendant's premises. The record shows without dispute that defendant breached the lease by disconnecting all of plaintiff's equipment except the cigarette machine, and substituting therefor machines owned by plaintiff's competitor.

The lease provides that as "rent" for the placement of the machines, defendant is to receive, after payment of all taxes, "50% of the gross proceeds received through weekly collections" from the operation of the juke box and amusement machines "and a commission of ———¢ per package of cigarettes vended through said cigarette machines" which is to be paid every four weeks to the defendant. It also provides that the cigarette machine commission "shall be subject to adjustment for any subsequent increases in the cost of cigarettes and future state or federal cigarette taxes."

No findings of fact were filed or requested. However, the trial court concluded in its judgment, as the sole reason why the temporary injunction should not issue, "that the blank space concerning the commission paid per package of cigarettes as contained in the location agreement that is the subject of this lawsuit renders the Location Agreement unenforceable insofar as the issuance of this temporary injunction is concerned." We hold that the trial court erred in this conclusion.

The record shows the execution of the contract, and shows without dispute that while plaintiff's machines were in operation at defendant's place the parties received $70.00, or more, each per week, as their share of the gross proceeds; that defendant has continued to use, and is now using, plaintiff's cigarette vending machine; that the parties operated amicably under the agreement for about eleven months; that defendant's commission rate on the cigarette machine has varied from 3¢ to 2¢ to 1¢, and up to 5¢, during which time plaintiff regularly sent defendant checks based upon the prevailing rate; that these rate variances were in line with the commission rates used by other dealers in the area; that it is customary in the cigarette vending machine trade not to fill in the amount of the commission in the location agreements, but to work them out in each location, taking into consideration the cost of cigarettes, state and federal taxes, prices at which sold, type of operation and volume of business; that this custom was the understanding of the parties at the time of the execution of the lease; and that (throughout the variance in rates) defendant has accepted and cashed all checks received from plaintiff representing defendant's commission and "rent."

We find no basis in the record for the trial court's conclusion. The failure of the location agreement to fully state the consideration for the lease, and any subsequent oral modification of the consideration, did not render the agreement invalid or unenforceable. Garcia v. Karam, 154 Tex. 240, 276 S.W.2d 255, 257 (1955).

Plaintiff's application for temporary injunction was addressed to the sound discretion of the court. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962). The pleadings and evidence show without dispute a probable right of recovery in plaintiff, and a probable injury to it if the application for temporary injunction were denied. As a matter of law under the record plaintiff was entitled to a preservation of the status quo of the subject matter of the suit pending a trial on the merits; and the trial court clearly abused its discretion when it misapplied the law to the undisputed facts and denied the temporary injunction. Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722, 723.

The judgment of the trial court is reversed, and this cause is remanded with instructions that, upon posting of proper bond by plaintiff, the court grant the temporary injunction as sought by plaintiff in its petition.