Pearline Kathy **ARMENDARIZ** et al.,
Appellants,

v.

Joe B. **MORA**, d/b/a Central Vending Company, Appellee.

No. 6406.

Court of Civil Appeals of Texas,
El Paso.

Jan. 29, 1975.

Rehearing Denied March 5, 1975.

**922**

Owen, Brewster, Steinberger, Mayhall & Co., Jack L. Brewster, El Paso, for appellants.

Charles E. Anderson, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is an appeal from an order granting a temporary injunction which maintains the status quo pending a final hearing on the merits. The controversy centers on who has the right to keep his coin operated machines in a bar known as the Brass Asp. Plaintiff Mora had that right under an exclusive concession lease with defendant Armendariz, which written lease did not expire until 1977. Defendant Armendariz sold the Brass Asp to defendant Miracle, who entered into an exclusive concession lease for coin operated machines with the defendant B & B Vending. Thereafter, Mora's machines were disconnected from the electrical outlets and he brought this suit complaining that his exclusive concession lease was not being honored and additionally requested temporary injunction pending a final judgment on the exclusive concession lease suit.

Appellants cite some ten points of error but brief them all together, noting that all of the points of error lead inevitably to the overriding question of whether the trial Court abused its discretion in granting the temporary injunction. We will discuss only such points of error as appear to be controlling but will consider each of them. In our consideration of these points of error, we will be governed by the rules laid down by the Supreme Court of Texas in Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953). Pertinent quotes from that opinion are:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. Weinstein & Sons, Tex.Com. App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. * * * Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear

abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, Tex.Sup. [151 Tex. 239,] 248 S.W.2d 460, * * * ."

■ Appellants urge that the order of the trial Court is in fatal conflict with the mandatory provisions of Rule 683, Texas Rules of Civil Procedure, which provides, in part:

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; * * * ."

While not citing the present order as an example of skillful draftsmanship, we think it meets the purpose of Rule 683, which is held to be to adequately inform a party of what he is enjoined from doing, and the reason why he is so enjoined. Board of Equalization of City of Plano v. Wells, 473 S.W.2d 88 (Tex.Civ.App.—Dallas 1971, no writ); Schulz v. Schulz, 478 S.W.2d 239 (Tex.Civ.App.—Dallas 1972, no writ). The contest before us is over who has the right to have his coin operated machines plugged into the electrical outlets at the Brass Asp. The Court's ruling on that question should leave little doubt as to who could do what. The order maintained the status quo in that it "restored to the plaintiff" his rights under his exclusive concession lease and enjoined the defendants "from interfering with Plaintiff's possession of the premises under his exclusive concession lease * * * with the free exercise by the Plaintiff of the rights given him in the exclusive concession lease * * * ." The order also provided "for the reason that Plaintiff will probably suffer irreparable injury and financial loss as his machines have been disconnected from electrical current by Defendants, and Defendants have thereby probably diverted revenues due Plaintiff to themselves."

This should leave no doubt that the plaintiff's machines are to be plugged in at the Brass Asp without interference from the defendants and it informs the defendants what they are enjoined from doing. It would seem to meet the requirements of the Supreme Court as stated in State v. Cook United, Inc., 464 S.W.2d 105 (Tex. 1971): "It is not required that the trial court explain its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered."

■ The argument is made that the lease between Armendariz and Mora is invalid because the landowner's lease to Armendariz had a provision requiring written permission to sublet. Without getting into the many ramifications of whether this was a "lease" or a "license" owned by Mora, suffice it to say that the provision against subletting is one to be claimed by the landowner and he is not a party to this suit. Also, it should be pointed out that there is no attempt by the Appellants to separate their different positions; that is, that the injunction should apply to one but should not apply to the other. In this regard, there is no escaping the fact that the injunction is proper as to Armendariz and must stand as to all in this condition of the record. Armendariz entered into a written exclusive concession lease with Mora, effective until June of 1977 on the premises in question, which, among other things, included a provision that if the lessor Armendariz should default lessee Mora would have the right of specific performance including the right of injunction to carry out the terms and intent of the agreement; and the lease provided that the rights granted to the lessee shall be binding upon the heirs, successors and assigns of the lessor. Under the record, plaintiff Mora was entitled to the preservation of the status quo of the subject matter of this suit pending a trial on the merits. Goss v. Star Engraving Company, 377 S.W.2d 207 (Tex.

Civ.App.—El Paso 1964, no writ); B & B Vending Company v. White, 461 S.W.2d 637 (Tex.Civ.App.—Waco 1970, no writ).

Under the controlling legal principles, we are unable to conclude that it clearly appears from this record that there has been an abuse of discretion by the trial Court.

The judgment of the trial Court is in all things affirmed.