**Pearline Katy ARMENDARIZ et al., Petitioners,**

v.

**Joe B. MORA, d/b/a Central Vending Co., Respondent.**

No. B–5233.

Supreme Court of Texas.

July 30, 1975.

---

Owen, Brester, Steinberger, Mayhall & Company, Jack L. Brewster, El Paso, for petitioners.

Charles E. Anderson, El Paso, for respondent.

PER CURIAM.

S&H Realty Company was the owner of certain business premises in El Paso which had been leased to Kathy Armendariz under a lease which prohibited subleasing without the written consent of the lessor. Shortly thereafter, Joe Mora entered into what was designated an exclusive concession lease with Armendariz that was to run for some 5 years. This concession lease, which was obtained without the knowledge or consent of S&H Realty, permitted Mora the exclusive right to place coin-operated amusement and vending machines on the premises. S&H Realty and Armendariz

subsequently agreed to terminate their landlord-tenant relationship upon the execution of a new lease with a designated third party. The new lessee, with the approval of S&H Realty, entered into an exclusive concession lease with B&B Vending Co., who thereupon entered upon the business premises and replaced Mora's vending machines with its own.

Joe Mora brought this action seeking temporary and permanent injunctive relief directed at protecting his interests under his exclusive concession lease which still had some 3 years to run. The trial court granted a temporary injunction, and the court of civil appeals affirmed. 519 S.W.2d 921.

The record discloses that Mora's pleadings referred to damages that he might suffer if his vending machines were not placed back into operation on the premises. However, upon the temporary injunction hearing, absolutely no evidence was adduced tending to show that Mora would suffer any injury if a temporary injunction was not issued. Granting a temporary injunction under such circumstances would be improper in view of this court's decision in *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683 (Tex.1968) where it was held that the applicant has the burden of offering some evidence establishing probable injury. The temporary injunction, therefore, cannot stand.

Accordingly, we grant petitioners' motion for rehearing on application for writ of error. Additionally, pursuant to Texas Rules of Civil Procedure 483 we grant writ of error and, without hearing oral argument, reverse the judgments of the district court and the court of civil appeals and dissolve the temporary injunction.