Howard Anthony HICKMAN, Appellant,

v.

BOARD OF REGENTS OF the UNIVERSITY OF TEXAS SYSTEM, Appellee.

No. 12557.

Court of Civil Appeals of Texas, Austin.

June 1, 1977.

Rehearing Denied June 22, 1977.

Howard Anthony Hickman, pro se.

John L. Hill, Atty. Gen., M. Lynn Taylor, Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

Appellant, a student at the University of Texas in Austin, brought this lawsuit late in October of 1976 shortly before the general election of November 2, seeking to enjoin the Board of Regents of the University "from attempting to influence election outcomes or legislation" through the student newspaper, the *Daily Texan*.

Appellant alleged that on three consecutive days late in October the *Texan*, through its editorial columns, endorsed "Jimmy Carter for President of the United States," endorsed "the write-in candidacy of Tom Lorance for the Texas Supreme Court," and endorsed "Walter Wendlant [*sic*] for the Texas Railroad Commission." Appellant alleged further that he "disagrees with the political positions" and "the attempts of the Daily Texan to influence legislation and to endorse candidates."

The imposition on appellant as a student "of a mandatory fee to support" the *Texan*, appellant alleged, "forces an association between . . . [the] *Texan* and plaintiff he does not care to enter or to continue," and restricts his "freedom of speech and of the press."

"Plaintiff will suffer irreparable harm, damage, and injury," appellant alleged, "unless the acts complained of . . . are enjoined . . . ."

After hearing on temporary injunction, the trial court denied the prayer for "temporary restraining order and temporary injunction." Appellant brings three points of error on appeal.

Upon review of the record we find that the trial court did not abuse its discretion and we will affirm its judgment.

■ It is settled that in a suit for temporary injunction the trial court is invested with broad discretion to grant or deny the injunction sought. On appeal the review of the trial court's action, granting or denying the injunction, is limited to the narrow question of whether the action constitutes a clear abuse of discretion. *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962).

■ To warrant issuance of a temporary injunction, the applicant need show only a probable right and a probable injury, and is not required to establish that he will finally prevail in the litigation. *Transport Company of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953). When the pleadings and the evidence present a case of probable right and probable injury, the trial court has broad discretion to determine whether to issue the writ; and the court's order will be reversed on appeal only upon showing of a clear abuse of discretion. *Robertson Transports, supra.*

■ The record in this case discloses pleadings by which in general terms injury is claimed "unless the acts complained of . . . are enjoined." But the record contains no evidence adduced tending to show that appellant would suffer any injury if temporary injunction should not be granted pending hearing on the merits. To grant temporary injunction under such circumstances would have been improper and an abuse by the trial court of its discretion. *Armendariz v. Mora*, 526 S.W.2d 542 (Tex. 1975); *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683 (Tex. 1968); *Justice Mortgage Investors v. Thompson Construction Company*, 533 S.W.2d 939 (Tex.Civ.App. Amarillo 1976, writ ref'd n. r. e.).

The trial court correctly refused to grant the writ of temporary injunction. The judgment is affirmed.