**Harvey H. LANE, Jr., and Lane Custom Crafted Homes, Inc., Appellants,**

**v.**

**Dr. Lee Edward BAKER et al., Appellees.**

**No. 13177.**

Court of Civil Appeals of Texas, Austin.

May 28, 1980.

Lannis A. Kircus, Austin, for appellants.

Robert D. Lipman, Austin, for appellees.

SMITH, Justice.

Appellees, Dr. Lee Edward Baker and twenty-four other residents and unit owners of the Los Altos Village Condominium Project in Austin, brought suit against appellants, Harvey H. Lane, Jr., and Lane Custom Crafted Homes, Inc., seeking damages, under Tex.Bus & Comm.Code Ann. § 17.46 (Supp.1980), for certain alleged misrepresentations made to them by appellant Lane.

Appellees purchased their condominium units from Lane Custom Crafted Homes and received general warranty deeds executed by Harvey H. Lane, Jr., acting in his capacity as president of Lane Custom Crafted Homes, Inc. Appellees allege that, during the course of their negotiations with appellant Lane, he misrepresented the tax status of the project and the completion of several other aspects of the project.

After appellants answered, appellees made application for a temporary restraining order and a temporary injunction, alleging that the only assets belonging to appellant Lane Custom Crafted Homes were five as-yet-unsold condominium units and that these units had been transferred from the corporation to appellant Lane at less than their fair market value. Appellees further alleged that, unless appellants were enjoined from transferring these units at less than fair market value, any judgment which appellees might obtain at trial would be impaired, if not rendered uncollectible.

The district court issued a temporary restraining order and, after hearing, temporarily enjoined appellants from selling the five unsold units unless the purchase price were in excess of $85,000 or were approved by the Board of Administration of the Condominium Homeowners. The court also ordered the proceeds from any sale to be paid into and held by the registry of the court.

Appellants have brought forward four points of error complaining that the district court abused its discretion in granting the temporary injunction. Each point of error specifically covers the insufficiency of the application, the evidence, and the order entered by the district court. When considered together, these points are sufficient to direct our attention to the matters we deem controlling and to allow us to determine the question of reversible error. *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943).

■ The trial judge is endowed with broad discretion to grant or deny a temporary injunction. *Stout v. Christian*, 593 S.W.2d 146 (Tex.Civ.App.—Austin 1980, no writ). The scope of appellate review in such cases is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. *State v. Southwestern Bell Telephone Co.*, 526 S.W.2d 526 (Tex.1975); *Hickman v. Board of Regents of the University of Texas System*, 552 S.W.2d 616 (Tex.Civ.App.—Austin 1977, writ ref'd).

■ The purpose of a temporary injunction is to *preserve the status quo of the subject matter of the suit* pending a final trial on the merits. *State v. Southwestern Bell Telephone Co., supra*; *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962). In the case at bar, the district court failed to apply this rule and, in its failure to do so, it clearly abused its discretion.

Appellees' stated cause of action was for actual damages, trebled by virtue of appellants' alleged violations of Section 17.46 of the Business and Commerce Code, plus interest, attorney fees, and costs of court. At best, appellees' claim amounted to no more than a chose-in-action, unliquidated and not reduced to judgment. It was independent of and had no relation to the assets of either defendant.

As appellees asserted no claim to any of appellants' assets, the temporary injunction did not *preserve the status quo of any subject matter which is basis for suit.*

■ Furthermore, the action by the court is analogous to prejudgment attachment. As prejudgment attachment is a statutory, not a common law, remedy, it has no application in a situation such as we find in this case. *Tanner v. Drake*, 47 S.W.2d 455 (Tex. Civ.App.—Eastland 1932, no writ); 1 Lowe, Remedies, § 692 (1973).

In *Frederick Leyland & Co. v. Webster Bros. & Co.*, 283 S.W. 332 (Tex.Civ.App.—Dallas), *writ dism'd w. o. j.*, 115 Tex. 511, 283 S.W. 1071 (1926), a general creditor, asserting certain unsecured claims not reduced to judgment, sought to enjoin his debtor from selling certain bales of cotton pending outcome of suit on the merits. It was contended that the bales of cotton or the proceeds therefrom would satisfy any judgment that might be awarded the creditor at trial. The court dissolved the trial court's injunction, holding that "it is contrary to the policy of the law to permit a creditor who has no judgment to go into a court of equity and restrain a debtor from selling, removing, or disposing of his property at his pleasure, pending a common law action."

■ As prejudgment attachment was denied a creditor asserting a liquidated claim against his debtor, so must it also be denied in the case at bar where appellees are asserting against appellants a mere claim for damages.

For the above reasons, the judgment of the district court is reversed and the order granting the temporary injunction is dissolved.

PHILLIPS, C. J., not sitting.