**William Aubrey HARPER, Jr., Appellant,**

v.

**Billie Gaye POWELL and Ann Aretta Harper, Appellees.**

No. 13–91–364–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 3, 1992.

Ann E. Coover, Kay B. Walker, Coover & McCrossin, Catherine N. Tyree, Corpus Christi, for appellant.

C.M. Henkel, III, Henkel, Hyden & Putnam, Corpus Christi, for appellees.

Before NYE, C.J., and SEERDEN and BISSETT[1], JJ.

## OPINION

NYE, Chief Justice.

Billie Gay Powell, appellee, brought suit against appellant for money damages, claiming that appellant breached an agreement in their prior divorce decree to pay for their youngest daughter's college education. Before filing her breach of contract suit, Powell obtained a temporary injunction prohibiting appellant from disposing of $30,000, a portion of the proceeds he realized from the sale of inherited real property. The trial court granted the injunction, finding that appellant had no other nonexempt assets with which to satisfy a future judgment. The question presented by this appeal is whether a party with a breach of contract claim can obtain a temporary injunction prohibiting the other party from disposing of the funds which could be used to satisfy a possible future judgment.

By seven points of error, appellant urges dissolution of the temporary injunction on grounds that the trial court abused its dis-

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

cretion in granting injunctive relief. Considered together, these points are sufficient to direct our attention to the matters we find to be controlling. We reverse the judgment of the trial court and render judgment that the temporary injunction be dissolved.

■ Generally, the granting of a temporary injunction is discretionary with the trial court and will not be overturned on appeal absent a showing of abuse of discretion. *Ballenger v. Ballenger*, 694 S.W.2d 72, 75 (Tex.App.—Corpus Christi 1985, no writ); *Miller v. K & M Partnership*, 770 S.W.2d 84, 87 (Tex.App.—Houston [1st Dist.] 1989, no writ). However, at the hearing on a temporary injunction, the issue before the trial court is whether the applicant is entitled to a preservation of the status quo *of the subject matter of the suit pending trial on the merits. Bank of S.W. v. Harlingen Nat'l Bank*, 662 S.W.2d 113, 115 (Tex.App.—Corpus Christi 1983, no writ) (emphasis added). Here, the trial court failed to apply this fundamental rule and thereby abused its discretion.

In *Lane v. Baker*, 601 S.W.2d 143, 145 (Tex.Civ.App.—Austin 1980, no writ), the plaintiffs brought suit against the vendor of their condominium units seeking damages for misrepresentations made to them before they purchased their units. Plaintiffs obtained a temporary injunction prohibiting the defendants from selling five other units below a certain price. They claimed the injunction was necessary because defendants planned to dispose of the units at a price below market value, and that by doing so, the defendants would not have sufficient funds to pay a future judgment. The appellate court found an abuse of discretion and dissolved the temporary injunction because the property targeted by the injunction had no relation to the plaintiffs' underlying claim. The Court found that:

> Appellee's stated cause of action was for actual damages.... At best, appellee's claim amounted to no more than a chose-in-action, unliquidated and not reduced to judgment. It was independent of and had no relation to the assets of either

defendant. As appellees asserted no claim to any of appellants' assets, the temporary injunction did not *preserve the status quo of any subject matter which is basis for suit.*

*Lane,* 601 S.W.2d at 145.

■ Similarly, Powell's claim is for actual damages sustained due to appellant's alleged breach of the divorce decree agreement. The subject matter of the pending litigation is the issue of appellant's obligation to pay their daughter's college expenses. Powell claims no interest in the property or its sale proceeds other than to identify the particular money as allegedly being the only means of satisfying her future judgment. The title to appellant's property or its sale proceeds is not the subject matter of Powell's underlying suit. The outcome in the underlying suit will be either a judgment for money damages or a take-nothing judgment, either of which would constitute a complete legal remedy for the alleged breach of contract claim. Powell's attempt to secure the inherited funds to satisfy her future judgment for money damages through injunction puts the cart before the horse. She needs to have the judgment first. We find no rule in law or equity that authorizes courts to issue writs of injunction against defendants restraining them from disposing of their property upon which a plaintiff has no form of lien, pending litigation. Powell's attempted relief is more in the nature of an attachment without bond. *See* 17 Tex.Jur. 3d, *Creditor's Rights & Remedies* §§ 1–165 (1982).

Plaintiff cites *Miller v. K & M Partnership,* 770 S.W.2d 84 (Tex.App.—Houston [1st Dist.] 1989, no writ) and *Alamo Sav. of Texas v. Forward Constr.,* 746 S.W.2d 897 (Tex.App.—Corpus Christi 1988, writ dism'd, w.o.j.) for the proposition that a plaintiff is entitled to an injunction if she shows that the defendant cannot respond in money damages. We find these cases to be distinguishable from the case at bar.

In *Miller,* Kendall and Miller leased one of their partnership's computers to Miller's own newly-incorporated business. Shares of stock in the new corporation were issued

to Kendall and Miller as consideration for the lease. Miller's new corporation later merged with a publicly-held company, and Kendall sued to recover a portion of the stock Miller gained in the merger, claiming it was due him from the computer lease. The court enjoined the defendant from placing the stocks in an unreachable trust in order to preserve enough of the stock to satisfy a potential future judgment. Right to the stock was at issue in *Miller,* and the injunction there forbade the disposition of that stock.

In *Alamo,* the trial court enjoined the issuer bank from paying, and the beneficiary from presenting and drafting upon, the plaintiff's letter of credit. The plaintiff alleged that the beneficiary had fraudulently induced him to enter the letter of credit contract, intending to use it to secure the beneficiary's construction loan. When the suit was filed, the plaintiff's obligation had not yet matured. The plaintiff was entitled to maintain the status quo—to keep the obligation from maturing by prohibiting payment—because the subject matter of the underlying suit was the intended fraudulent use of the plaintiff's letter of credit.

In both of these cases, the trial court's injunction preserved the status quo of the subject matter of the underlying dispute. Such is not the case here. The trial court's judgment is, in effect, a prejudgment attachment (of appellant's money), which Powell never sought. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 61.001–61.002 (Vernon 1986). *See also Lane,* 601 S.W.2d at 145.

The judgment of the trial court is REVERSED and judgment is here rendered dissolving the temporary injunction. REVERSED AND RENDERED.