William TEAGUE *v.* WALNUT RIDGE SCHOOLS, and Seb Spades, Jim Jansen, Theodore Andrews, J.R. Cox and Nathan Crafton, in Their Capacities as Members of the Board of Directors of the Walnut Ridge Schools

92-1316 868 S.W.2d 56

Supreme Court of Arkansas
Opinion delivered December 20, 1993
[Rehearing denied January 24, 1994.*]

*Riffel, King & Smith*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Dan F. Bufford* and *Brian Allen Brown*, for appellees.

DONALD L. CORBIN, Justice. Appellant, William Teague,

---

*Glaze, J., not participating.

appeals a judgment of the Lawrence Chancery Court dismissing his complaint for declaratory judgment and denying his request for an injunction to be reinstated to his prior position with appellee, Walnut Ridge Schools. For reversal, appellant contends the trial court erred in holding that he resigned from his contract with appellee. Resolution of the issue presented requires our interpretation of Ark. Code Ann. § 6-17-1506 (1987); the court of appeals certified the case to us on that basis. We find no merit to appellant's argument and affirm.

The sole issue presented for our review is whether appellant's resignation was effective before it was formally accepted by the school board. We hold, on the facts presented, that appellant's resignation was effective prior to official acceptance by the school board.

The facts of the case are not in dispute. Appellant was employed by appellee as director of bands for the 1991-92 school year. Pursuant to the Teacher Fair Dismissal Act of 1983, Ark. Code Ann. §§ 6-17-1501 to -1510 (1987 & Supp. 1993), appellee offered appellant a renewal contract for the 1992-93 school year.

On May 26, 1992, during the term of his 1991-92 contract, appellant hand delivered to the principal a letter stating that he intended to complete his current contract but would resign his position as director of bands effective July 26, 1992. The letter of resignation was enclosed in an envelope addressed to the principal, superintendent and board of education. On May 27, 1992, the superintendent notified the school board members by memorandum that the band director had resigned effective at the end of the school year and that the superintendent would do his best to have a replacement recommendation ready for the June 15 school board meeting.

On June 3, 1992, appellant hand delivered to the superintendent a letter withdrawing his May 26th resignation. The superintendent informed appellant that he was in the process of interviewing persons for appellant's position. On June 9, 1992, appellant hand delivered to the superintendent a letter requesting that the withdrawal of his May 26th resignation be placed on the agenda for the June 15 board meeting.

The minutes of the Walnut Ridge School Board reflect the following events occurred on June 15, 1992. The board met in regular session. Appellant asked the board to rescind his resignation for the 1992-93 school year. The board went into executive session to discuss appellant's resignation. Upon returning from executive session, the board unanimously voted to accept the superintendent's recommendation to accept appellant's resignation.

The June 15, 1992 minutes do not reflect any discussion or recommendation of a replacement band director. However, the Walnut Ridge School Board met in special session on June 24, 1992. The only business conducted at that meeting was the acceptance of the superintendent's recommendation to employ Mike Packard as band director for the 1992-93 school year.

Although appellant was offered a renewal contract on March 1, 1992, there is not any evidence that the renewal contract was executed. Appellant was never notified that his 1991-92 contract would not be renewed as required by the Teacher Fair Dismissal Act. However, appellant was present at the June 15, 1992, school board meeting at which his resignation was accepted. He therefore had actual notice that his contract would not be renewed for the 1992-93 school year due to his resignation.

On appeal, appellant contends that his May 26 letter was an offer to resign which required official action by the school board and that the offer to resign was capable of being revoked until the school board either acted upon it or detrimentally relied upon it. Because he revoked his offer to resign on June 3, which was prior to the board's June 15 acceptance of his resignation and June 24 acceptance of the recommendation to hire a replacement, appellant argues his offer was void. Appellee responds that there is no requirement, pursuant to either the Teacher Fair Dismissal Act or Walnut Ridge School District policy, that the board formally act upon or accept a teacher's resignation. Appellee explains the only reason it formally accepted appellant's resignation was to provide notice to other districts interested in hiring appellant that they could do so without being liable to appellee for appellant's salary pursuant to Ark. Code Ann. § 6-17-304 (1987).

We begin our analysis by observing that appellant's contract was with appellee, the school board, not with the principal nor the superintendent. The term of that contract was from July 25, 1991, until June 4, 1992, and was subject to automatic renewal pursuant to section 16-17-1506. That statute controls automatic renewals of teacher contracts and provides as follows:

6-17-1506. Automatic contract renewal – Notice of nonrenewal.

(a) *Every contract of employment made between a teacher and the board of directors of a school district shall be renewed* in writing on the same terms and for the same salary, unless increased or decreased by law, for the next school year succeeding the date of termination fixed therein, which renewal may be made by an endorsement on the existing contract instrument, unless by May 1 of the contract year, the teacher is notified by the school superintendent that the superintendent is recommending that the teacher's contract not be renewed or, *unless* during the period of the contract or within ten (10) days after the end of the school year, *the teacher shall deliver or mail by registered mail to the board of directors his or her resignation as a teacher*, or unless such contract is superseded by another contract between the parties.

(b) Termination, nonrenewal, or suspension shall be only upon the recommendation of the superintendent. A notice of nonrenewal shall be mailed by registered or certified mail to the teacher at the teacher's residence address as reflected in the teacher's personnel file. The notice of recommended nonrenewal of a teacher shall include a simple but complete statement of the reasons for such recommendation. [Emphasis added.]

According to section 6-17-1506, appellant's contract for the 1991-92 school year was to be renewed "unless during the period of the contract or within ten (10) days after the end of the school year" appellant "deliver[ed] . . . to the board of directors his . . . resignation[.]" We agree that section 6-17-1506 does not require the board to take any official action in response

to a teacher's resignation. Had the legislature intended to require a school board to officially accept a teacher's resignation, it could have so provided. It did not. Thus, the issue before us is controlled by the foregoing statutory language, and we must decide, upon the facts presented in this case, whether appellant delivered his resignation to the school board in compliance with section 6-17-1506.

The evidence is undisputed that during the period of the 1991-92 contract, appellant delivered his resignation to the principal, that the principal delivered it to the superintendent, and that the superintendent communicated the resignation to the members of the school board the next day. The superintendent testified, and his memorandum to the school board reflected, that he immediately began a search for a new band director. He stated that band directors were hard to find for small schools. Appellant testified that he delivered his resignation to the principal knowing it would make its way to the superintendent and to the school board. It is also undisputed that the superintendent's memorandum to the school board members was written on May 27, 1992, seven days prior to appellant's attempt to revoke his resignation on June 3, 1992.

When previously construing the Teacher Fair Dismissal Act, this court has stated that substantial compliance with the Act is all that is required. *Murray* v. *Altheimer-Sherrill Pub. Schools*, 294 Ark. 403, 743 S.W.2d 789 (1988). The substantial compliance rule is for the benefit of both the school district as well as the teachers. We hold, based upon the foregoing facts of this case, that appellant substantially complied with section 6-17-1506 by delivering his resignation, which was addressed to the school board, to the principal. Appellant delivered his resignation to the board via the principal during the term of the 1991-92 contract. Thus, pursuant to the terms of section 6-17-1506, the 1991-92 contract was not renewed for the 1992-93 school year. We emphasize that our holding is based in part on the facts that appellant delivered his resignation to the principal with full intent that it make its way to the school board and that knowledge of the resignation made its way to the school board prior to appellant's attempt to revoke his resignation.

██ We are well aware of the existence of both statutory authority and case law in support of the proposition that the sole power to execute and to terminate a teacher's contract is vested in a school district's board of education. Ark. Code Ann. § 6-13-620 (1987); *McElroy* v. *Jasper School Dist.*, 273 Ark. 143, 617 S.W.2d 356 (1981). Obviously, the legislature was mindful of that rule when it passed section 6-17-1506, as that statute provides for the resignation to be delivered to the school board. Again, we emphasize that if the legislature intended to require the board's acceptance of a teacher's resignation, it could have done so.

We are also aware of cases from other jurisdictions holding that a teacher, having tendered a written resignation to his principal or superintendent, may regard it as ineffective and withdraw it until it is accepted by the school board with which it contracts. *See e.g., Allen* v. *Lankford*, 317 S.E.2d 645 (Ga. Ct. App. 1984) (and cases cited therein from Alabama, Colorado, Florida, Louisiana, Ohio, and West Virginia). We are not persuaded to follow the holdings and reasonings of those cases as they did not involve facts or statutes similar to the present case.

For the reasons stated, we affirm the judgment.

GLAZE, J., not participating.