**LOMETA BANCSHARES, INC. and A.G. Cummings, Appellants,**

v.

**Franklin POTTS and Tommy Potts, Appellees.**

No. 03–96–00719–CV.

Court of Appeals of Texas, Austin.

Sept. 11, 1997.

Pat Beard, Beard & Kultgen, Waco, for Appellants.

David N. Deaconson, Pakis, Giotes, Beard & Page, P.C., Waco, for Appellees.

POWERS, Justice.

A.G. Cummings and Lometa Bancshares, Inc., appeal from a temporary injunction order issued by the district court in a suit brought by Franklin and Tommy Potts. We will affirm the order.

## THE CONTROVERSY

Cummings owns 4,874 of the 6,927 outstanding shares of capital stock in Lometa Bancshares, Inc. ("Lometa"). He is also Lometa's president, sole director, and chairman of the board of directors. Twenty-seven other individuals own a small number of shares in Lometa; Franklin and Tommy Potts each own twenty shares. Lometa previously owned as its sole asset all the shares of capital stock in Citizens Bank of Lometa ("Citizens"). Exercising his control over Lometa, Cummings caused Lometa to sell almost all its shares of stock in Citizens to First State Bank of Temple ("FSB"). The sale was approved by Lometa shareholders at a meeting called for the purpose. The Pottses dissented and other minority shareholders evidently abstained from voting on the sale before its consummation.

The Pottses sued Cummings and Lometa for the benefit and on behalf of Lometa, alleging Cummings sold the Citizens shares for a grossly inadequate consideration, mismanaged Lometa's affairs, appropriated business opportunities for himself in the transaction, dealt improperly with other entities in which he was financially interested, and made false representations to the minority shareholders to induce their approval of the sale.[1] Ancillary to their suit, the Pottses applied for a temporary injunction requiring Cummings and Lometa to deposit into the registry of the court $250,000 they received or were about to receive from FSB as a result of the sale. After an evidentiary hear-

---

1. We have taken our description of the controversy from the pleadings and the evidence adduced at the hearing on the Pottses' application for temporary injunction. The same is true of our discussion hereafter in the text of the opinion. The evidence is often conflicting and inexact. For example, the lawyer who supervised for Cummings the transaction with FSB described it variously as a merger, a sale of assets, a sale of shares, and a reorganization. The contract he evidently prepared required Lometa to sell FSB 99.3% of Lometa's shares of capital stock in Citizens. The evidence is equally vague regarding some aspects of the actual sales price payable to Lometa. The parties apparently do not dispute, however, that it was about $530,000 or that $250,000 of that amount remained unpaid by FSB at the time of the hearing on temporary injunction. So far as we can ascertain from the evidence, it does not show the disposition or location of the $280,000 that FSB paid Lometa before the Pottses filed their suit.

ing, the trial judge ordered issuance of the writ. In four points of error, Cummings and Lometa contend on appeal that the order was an abuse of discretion for the reasons stated below.[2]

## DISCUSSION AND HOLDINGS

■ A temporary injunction pending trial on the merits "may be and usually is issued in connection with any species of litigation where it is necessary to preserve the status quo pending a final adjudication of the rights of the parties." *Turcotte v. Alice Nat'l Bank*, 402 S.W.2d 894, 896 (Tex.1966). In cases like the present, an applicant for the writ must show (1) a probable right to recover on the merits after final hearing and (2) a probable and irreparable injury unless the writ is issued. Tex. Civ. Prac. & Rem.Code Ann. § 65.011 (West 1997); *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993); *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968).

■ In his first point of error, Cummings complains the injunction was unauthorized because the Pottses' claim is for an unliquidated amount of damages not reduced to judgment; the injunction therefore operates as an unauthorized prejudgment attachment and not by way of preserving the status quo of the subject matter of the suit. *See Lane v. Baker*, 601 S.W.2d 143, 145 (Tex.Civ. App.—Austin 1980, no writ). The general rule stated in *Lane*, resting as it does on the premise that a judgment for money damages is ordinarily an adequate legal remedy, is subject to exceptions as noted in *Walling*. *Walling*, 863 S.W.2d at 58 (referring to exceptions listed in *Roland Mach. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)). Moreover, the adequacy of an available legal remedy must be judged in the circumstances of the particular case. Here, those circumstances include the undisputed fact that the $250,000 belongs to Lometa but is subject to Cummings's exclusive control, he being the president and only corporate director. The funds are the substantive equivalent of Lometa's sole asset before the

sale—its shares of capital stock in Citizens. Lometa's only business before the sale was to hold the Citizens's shares for the benefit of Lometa shareholders; Lometa does not conduct any other business. In such circumstances, any legal remedy by way of a judgment for money damages is properly viewed as inadequate on the ground that the funds may be reduced pending final hearing and thus be unavailable in their entirety for the purpose for which they were delivered to Lometa in the first place. *See, e.g., Minexa Arizona, Inc. v. Staubach*, 667 S.W.2d 563, 567–68 (Tex.App.—Dallas 1984, no writ); *Sonics Int'l Inc. v. Dorchester Enters.*, 593 S.W.2d 390, 393 (Tex.Civ.App.—Dallas 1980, no writ); *Baucum v. Texam Oil Corp.*, 423 S.W.2d 434, 442 (Tex.Civ.App.—El Paso 1967, writ ref'd n.r.e.). We hold accordingly and overrule the first point of error.

■ In point of error two, Cummings complains the trial judge abused his discretion because there was no evidence or factually insufficient evidence to support a finding that the $250,000 would be dissipated *pendente lite;* consequently, the Pottses failed to demonstrate a probable injury. The following appears to be undisputed in the evidence: Cummings in effect caused the sale of all of Citizens' assets to FSB for a total price of $534,000, representing the adjusted book value of the assets plus a $250,000 premium for Citizens' goodwill. Chief among those assets was $10,000,000 in loans payable to Citizens. Of these loans, about $7,000,000 represented performing loans and about $3,000,000 represented delinquent or "classified" loans. Under the terms of the sale, FSB purchased all $10,000,000 in loans but was required to assign, and did assign, the $3,000,000 of delinquent loans to a limited partnership composed of J–Hawk Corporation and Cummings's wife. The limited partnership paid FSB $1,500,000 for the delinquent loans. On the face of the transaction, at least, the foregoing shows that FSB recouped about triple the amount it paid for *all* of Citizens's assets by assigning the delinquent loans to the partnership that paid

---

**2.** Hereafter, we shall refer only to Cummings as the appellant in the case in order to avoid the confusion inherent in Lometa's position as a party and as the corporation sought to be protected by the Pottses' bringing the suit for the benefit of the corporation.

$1,500,000 for the assignment, indicating the delinquent loans alone were worth that much and a gross disparity in the value of all Citizens's assets and the total amount paid for them. There are no fact findings in the record. We must, therefore, uphold the trial court order on any applicable theory shown in the record. *Seaman v. Seaman,* 425 S.W.2d 339, 341 (Tex.1968). Indulging all reasonable inferences suggested by the foregoing, we believe the transaction permits an inference of mismanagement of Lometa's property in making and executing the sale to FSB and an appropriation by Cummings, through his wife, of a business opportunity belonging to Lometa. While the evidence is silent with respect to Cummings's specific intention to misappropriate or dissipate the $250,000, that sum is part of the same transaction described above and we believe it is not an unreasonable inference that he would continue the same course of conduct with respect to the $250,000 in effectuating the whole of the transaction. In addition, the trial judge was under a duty to balance the equities in the case. It is not suggested that Cummings or Lometa will sustain an injury because the $250,000 is paid into the registry of the court; Lometa does not operate a business and the money does not belong to Cummings. On the other hand, an injury to the corporation (Lometa) is self-evident *if* the funds are dissipated *pendente lite. See Storey v. Central Hide & Rendering Co.,* 148 Tex. 509, 226 S.W.2d 615, 619 (1950); 6 Lowe, *Remedies,* § 115 at 161–63 (Texas Practice 2d ed.1973). We overrule point of error two.

In point of error three, Cummings complains the trial judge abused his discretion because the evidence does not reasonably support a conclusion that the Pottses will probably prevail on the merits after trial. Discussion under the point suggests a contention of no evidence or factually insufficient evidence to support the conclusion indicated. The evidence is undisputed relative to the transaction described above wherein Lometa sold to FSB the former's shares of capital stock in Citizens. It may be that Cummings will supply evidence to refute the apparent imbalance in the transaction whereby FSB was, in effect, *paid* a large sum to take all of Citizens's assets. Given the body of evidence adduced at the hearing, however, we must conclude it shows at minimum a good faith and serious dispute concerning the material adjudicative facts pertaining, for example, to such things as the sufficiency of the notice given the Lometa shareholders before the sale and the particular nature of Cummings's fiduciary duties in the transaction with FSB. *See International Bankers Life Ins. Co. v. Holloway,* 368 S.W.2d 567, 576 (Tex.1963); *Paddock v. Siemoneit,* 147 Tex. 571, 218 S.W.2d 428, 431–32 (1949). In such circumstances, we believe the trial judge could reasonably conclude that a temporary injunction was necessary to permit an orderly development of the facts and a just resolution of the parties' dispute. *Southwest Weather Research, Inc. v. Jones,* 160 Tex. 104, 327 S.W.2d 417, 421–22 (1959). We overrule point of error three.

In his fourth and final point of error, Cummings complains the trial judge abused his discretion in his implied conclusion that the Pottses did not have available to them a legal remedy that was "as complete and as practical and efficient to the ends of justice and its prompt administration as is equitable relief." *Bank of the Southwest v. Harlingen Nat'l Bank,* 662 S.W.2d 113, 116 (Tex.App.— Corpus Christi 1983, no writ). We have considered and discussed this issue in overruling point of error one. We therefore overrule point of error four.

For the reasons given, we affirm the trial court order.