FREDERICK LEYLAND & COMPANY, LIMITED, V. WEBSTER BROTHERS & COMPANY.

Application No. 14699.   Decided May 26, 1926.

(283 S. W., 1071).

**Writ of Error—Jurisdiction—Temporary Injunction—Statute—Importance to Jurisprudence—Case Stated.**

An ocean carrier issued bills of lading for cotton to be transported to Europe, consigned to shipper's order, and by him attached to draft

on parties at destination, which was deposited in bank and the shipper credited with the amount.  On disagreement between the shipper and the drawee the former obtained temporary injunction forbidding the carrier to transport in accordance with the bill of lading.  Subsequently the shipper attached the cotton and it was taken into possession by the sheriff.  A motion of the carrier to dissolve the injunction on the ground that the shipper could not interfere with the transportation without surrender of the bill of lading was overruled, and on appeal this was reversed and the injunction dissolved.  The shipper applied for writ of error and his application is here dismissed.  The property being no longer in the custody of the carrier, but in that of the court, the continuance of the temporary injunction becomes immaterial, and neither the construction of the Federal statutes governing the shipment and bill of lading nor any matter of importance to the jurisprudence of the State conferred jurisdiction to grant the writ.  (Pp. 512, 513).

Application by Webster Bros. & Co. to the Supreme Court for writ of error to the Court of Civil Appeals for the Second District on a judgment dissolving a temporary injunction (Frederick Leyland & Co., Ltd., v. Webster Bros. & Co., 283 S. W., 332).

*Bailey & Bailey* and *W. H. Reed,* for applicant.

The application invoked jurisdiction on the ground of erroneous rulings as to the construction and effect of the Statutes of the United States governing foreign bills of lading.  (U. S. Compiled Statutes, Sections 8604b, 8604f, 8604gg, 8604l, 8604ll, 8604o; Houston Oil Co. v. Valley Mills Co., 109 Texas, 169) ; and also because of error of law of importance to the jurisprudence of the State.

PER CURIAM :—The opinion of the Court of Civil Appeals in this case reported in 283 S. W., 332, shows that:

"After the injunction had been issued and served, appellee, on the 5th day of September, 1925, sued out a writ of attachment and caused writs to be issued to Galveston and Harris Counties and levied by the sheriffs of said Counties respectively, on the cotton impounded by said writ of injunction. Therefore, at the time of the filing and hearing of appellant's motion to dissolve the temporary writ of injunction, the cotton in question was not in the hands of appellant, but had been taken out of its possession and was in the hands of the respective sheriffs of Harris and Galveston Counties."

It is apparent that the cotton in question was in the custody of the court and not of Frederick Leyland & Company for transportation.  Leyland & Company, therefore, could not ship or transport the cotton out of this country and there exists no necessity for the continuance of the temporary injunction

restraining them from so doing. Therefore, the dissolution of the temporary injunction by the Court of Civil Appeals becomes an immaterial question. The consideration of the meaning of the bill of lading act discussed by the Court of Civil Appeals and its validity is not necessary in disposing of this application for writ of error. These questions should be determined upon full record when the ownership of the bill of lading and other relevant facts have been established by the trial court. In view of the above, the application does not necessarily involve the construction of any statute or present any matters of importance to the jurisprudence of the State, and it is therefore dismissed for want of jurisdiction.