Cathy NOWAK, Appellant,

v.

LOS PATIOS INVESTORS, LTD., Appellee.

No. 04–94–00822–CV.

Court of Appeals of Texas, San Antonio.

March 29, 1995.

Richard B. Copeland and Cathy J. Sheehan, Plunkett, Gibson & Allen, Inc., San Antonio, for appellant.

Peter N. Susca, Law Offices of Peter N. Susca, P.C., San Antonio, for appellee.

Before RICKHOFF, LOPEZ and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

This is an accelerated interlocutory appeal. In a single point of error, Nowak argues that the trial court abused its discretion in issuing an injunction affecting property that is completely unrelated to the subject matter of Los Patios's suit against her. We agree with Nowak and therefore reverse the trial court's order, dissolve the temporary injunction, and remand the case for further proceedings consistent with this opinion.

## FACTS

Nowak was at one time Los Patios's bookkeeper and, later, comptroller. When Los Patios came to believe that Nowak had embezzled over $100,000 in funds, it terminated Nowak's employment and sued her for embezzlement, fraud, conversion, money had and received, civil theft, and breach of contract. Los Patios's petition sought money damages and a temporary injunction freezing Nowak's anticipated recovery in an unrelated personal injury suit.

At the hearing on the temporary injunction, Los Patios officials testified that Nowak

admitted to them that she took at least some of the money and, further, that she would repay Los Patios out of her anticipated recovery in an unrelated personal injury suit. Nowak did not testify. The trial court granted Los Patio's request and issued a temporary injunction prohibiting Nowak from:

1. Mortgaging, pledging, encumbering, or in any other respect alienating [Nowak's] right, title, and interest in and to any monetary award or recovery by virtue of [Nowak's] [anticipated personal injury recovery], to the extent of eighty percent (80%) of any such award or recovery received by [Nowak] up to the maximum amount of $100,000.00;

2. Concealing, secreting, or otherwise disposing of any sums of cash actually received in connection with [Nowak's] [anticipated personal injury recovery], to the extent of eighty percent (80%) of any such award or recovery received by [Nowak] up to the maximum amount of $100,000.00; and

3. Converting any portion of said [anticipated personal injury recovery] actually received ... to an exempt form, to the extent of eighty percent (80%) of any such award or recovery actually received by [Nowak] up to the maximum amount of $100,000.00.

## STANDARD OF REVIEW

■ Our review of a temporary injunction is limited to a determination of whether the trial court clearly abused its discretion. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex. 1978). The particular aspect of the abuse of discretion standard that is dispositive of this appeal is the erroneous application of the law to the established facts. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992, orig. pro-

ceeding); *State v. Southwestern Bell Tele. Co.,* 526 S.W.2d 526, 528 (Tex.1975).

## DISCUSSION

■ A temporary injunction is available to preserve the "status quo of the subject matter of the suit pending trial on the merits." *E.g., Davis,* 571 S.W.2d at 862; *Southwestern Bell,* 526 S.W.2d at 528. It is undisputed in this case that Nowak's anticipated recovery in her personal injury suit is completely unrelated to the subject matter of Los Patios's suit. Nowak argues that this fact, standing alone, demonstrates a clear abuse of discretion. *See Harper v. Powell,* 821 S.W.2d 456, 457–58 (Tex.App.—Corpus Christi 1992, no writ); *Lane v. Baker,* 601 S.W.2d 143, 145 (Tex.Civ.App.—Austin 1980, no writ); *Frederick Leyland & Co. v. Webster Bros. & Co.,* 283 S.W. 332 (Tex.Civ.App.—Dallas), *writ dism'd w.o.j.,* 115 Tex. 511, 283 S.W. 1071 (1926) (all involving the reversal of temporary injunctions freezing assets that were not the subject matter of the pending suit).

■ Los Patios, on the other hand, argues that an injunction freezing assets completely unrelated to the subject matter of the suit is permissible when, as alleged in this case, the misconduct rises to the level of an intentional tort or crime, and the defendant is insolvent or likely to be insolvent at the time a judgment is rendered. In this regard, Los Patios relies upon several federal and state court authorities. With two exceptions, each of the cases cited by Los Patios involves an injunction issued either to preserve collateral securing a note that the plaintiff sought to collect[1] or to preserve assets or their proceeds that would be subject to a pleaded equitable remedy such as rescission, constructive trust, or restitution.[2] In this case,

---

1. *Surko Enterprises Inc. v. Borg–Warner,* 782 S.W.2d 223 (Tex.App.—Houston [1st Dist.] 1989, no writ).

2. *Deckert v. Independent Shares Corp.,* 311 U.S. 282, 289, 61 S.Ct. 229, 233, 85 L.Ed. 189 (1940) ("principal objects of the suit are rescission of the ... contracts and restitution of the consideration paid"); *Federal Sav. & L. Ins. Corp. v. Dixon,* 835 F.2d 554 (5th Cir.1987) (equitable causes of action for constructive trust, accounting, and restitution vested district court with discretion to issue preliminary injunction, but only as to assets subject to equitable remedies); *Productos Carnic, S.A. v. Central American Beef & Seafood Trading Co.,* 621 F.2d 683 (5th Cir.1980) (upholding preliminary injunction enjoining movement of beef in suit in which plaintiff sought either the beef or its value and directing district court to modify injunction to provide that beef be sold and proceeds deposited in registry of court; in dicta, court states that injunction would issue to protect legal remedy of damages).

it is undisputed that Los Patios does not seek an injunction to preserve collateral securing a note that Los Patios seeks to collect. And its petition nowhere requests restitution or any other equitable remedy; rather, its prayer for relief requests only actual and exemplary damages and attorney's fees—the legal remedy of damages—and a temporary restraining order to protect Los Patios's "legitimate right to recover damages upon proof of its claims." Los Patios thus does not fit within either of these exceptions to the general rule that prohibits an injunction to secure the legal remedy of damages by freezing assets completely unrelated to the subject matter of the suit.

Nor does Los Patios's situation resemble those of the plaintiffs in either of the two remaining cases it cites—*Teradyne, Inc. v. Mostek Corp.*, 797 F.2d 43 (1st Cir.1986), and *Texas Indus. Gas v. Phoenix Metallurgical Corp.*, 828 S.W.2d 529 (Tex.App.—Houston [1st Dist.] 1992, no writ). In *Teradyne,* the plaintiff Teradyne sued Mostek for breach of contract at a time when Mostek was apparently capable of responding in damages. However, after the institution of suit, Mostek was sold for approximately $71 million in cash, subject to certain offsets and debits, and these sales proceeds were deposited in a Mostek bank account and "dedicated to the payment of the claims of Mostek's creditors." *Teradyne,* 797 F.2d at 45. Thereafter, despite the fact that Teradyne's claim was apparently "undisputed," Mostek refused to set aside a portion of the $71 million to satisfy Teradyne's $3–4 million claim; it refused to specify the number and amount of claims that would be paid out of the fund; and it refused to point to any "concrete harm" that it would suffer as a result of the injunction. *Id.* at 53. Under these unusual circumstances, the court of appeals upheld the district court's injunction. In this case, on the other hand, Los Patios has not made a showing either that Nowak was capable of responding in damages at the time Los Patios filed suit or that she is now in the process of dissipating assets on hand at the date suit was filed in an attempt to render Los Patios's legal remedy meaningless. Nor has Los Patios demonstrated, as Teradyne did, that

the funds it seeks to freeze were intended to satisfy Los Patios's claims in this litigation.

*Texas Industrial Gas* is likewise inapposite. In that case, the plaintiff claimed that the defendant had breached a contractual provision requiring the defendant to purchase its entire requirement of Argon gas from the plaintiff for five years. *Texas Indus. Gas,* 828 S.W.2d at 531. The plaintiff sought a mandatory injunction enforcing this contractual provision pending trial. In this case, on the other hand, Los Patios does not seek an injunction to enforce a contractual provision pending trial; rather, it seeks an injunction freezing funds that are completely unrelated to its suit. We decline to extend the principles adopted in *Teradyne* and *Texas Industrial Gas* to the quite different facts of this case.

If we were to uphold the injunction in this case, "it is difficult to see why a plaintiff in any action for a personal judgment in tort or contract may not, also, apply to the chancellor for a so-called injunction sequestrating his opponent's assets pending recovery and satisfaction of a judgment in such a law action. No relief of this character has been thought justified in the long history of equity jurisprudence." *De Beers Consol. Mines v. United States,* 325 U.S. 212, 222–23, 65 S.Ct. 1130, 1135, 89 L.Ed. 1566 (1945).

We reverse the trial court's order, dissolve the temporary injunction, and remand the case to the trial court for further proceedings consistent with this opinion.