MEMORANDUM OPINION



No. 04-07-00094-CV



VICTORY DRILLING, LLC,


Appellant



v.



KALER ENERGY CORPORATION,


Appellee



From the 225th Judicial District Court, Bexar County, Texas


Trial Court No. 2006-CI-007269


Honorable David A. Berchelmann, Jr., Judge Presiding



Opinion by: Steven C. Hilbig, Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: June 27, 2007 


REVERSED AND REMANDED


 This is an interlocutory appeal from a trial court's order granting Kaler Energy Corporation's
("Kaler") request for a temporary injunction. Victory Drilling, LLC ("Victory") appeals claiming
the trial court abused its discretion by issuing an injunction affecting property unrelated to the subject
matter of the suit. (1) We agree with Victory and therefore reverse the trial court's order, dissolve the
temporary injunction, and remand the case for further proceedings consistent with this opinion. 

FACTUAL AND PROCEDURAL BACKGROUND

 Victory, a drilling company, and Kaler, a lease operator, entered into a Letter of Agreement
("the Agreement") by which Victory agreed to drill a well on Kaler's lease. According to Kaler, the
Agreement was for a turnkey operation meaning the drilling company assumes all risks and
responsibilities associated with drilling the well-including the risk of a blowout. During the drilling,
a blowout occurred. Accordingly to Kaler, Victory has failed to take responsibility for costs arising
from the blowout, resulting in liens on the leasehold by two vendors. After the blowout the parties
discussed drilling a replacement well at another location and took steps for that purpose. However,
for reasons undisclosed by the record, Victory removed its drilling equipment and abandoned the
project. 

 Ultimately, Kaler filed suit against Victory alleging claims for breach of contract, quantum
meruit and/or unjust enrichment, fraud, misrepresentation, and negligence. Kaler also sought
declaratory and injunctive relief. On December 12, 2006, Kaler obtained a temporary restraining
order. Then, following a hearing, Kaler obtained a temporary injunction restraining Victory from
directly or indirectly: 

 [T]ransferring, selling, mortgaging, encumbering, or in any other manner alienating,
secreting, disposing of or otherwise converting any assets of Victory Drilling, LLC,
including, but not limited to the rig located seven miles from Killeen, Texas, on FM
2670 off of Highway 195. 


 Following issuance of the temporary injunction, Victory perfected this interlocutory,
accelerated appeal. Victory contends the trial court abused its discretion in granting the injunction
because Kaler's suit is for unliquidated damages and the law precludes injunctive relief when a
plaintiff's claim "amounts to no more than an unliquidated claim . . . independent of and having no
relation to the assets of the defendant." In other words, Victory is claiming the injunction is improper
because it is nothing more than an impermissible prejudgment attachment of assets because Kaler has
an adequate remedy at law-recovery of money damages. 

STANDARD OF REVIEW

 A trial court has broad discretion in deciding whether to grant or deny a temporary injunction. 
Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002); Wu v. City of San Antonio, 216 S.W.3d
1, 4 (Tex. App.-San Antonio 2006, no pet., mand. denied). "A reviewing court should reverse an
order granting injunctive relief only if the trial court abused that discretion." Butnaru, 84 S.W.3d at
204. A trial court abuses its discretion when it acts unreasonably or in an arbitrary manner, without
reference to guiding rules or principles. Id. at 211. For example, an abuse occurs if a trial court
misapplies the law to established facts or if the evidence does not reasonably support the trial court's
decision. See id. (evidence does not reasonably support trial court's decision); Wu, 216 S.W.3d at 4
(misapplies law to established facts). Additionally, granting an injunction in the face of an adequate
remedy at law is an abuse of discretion. Harris County v. Gordon, 616 S.W.2d 167, 168, 170 (Tex.
1981); Alert Synteks, Inc. v. Jerry Spencer, L.P., 151 S.W.3d 246, 254 (Tex. App.-Tyler 2004, no
pet.); see also Rogers v. Daniel Oil & Royalty Co., 130 Tex. 386, 110 S.W.2d 891, 894 (1937)
(holding that when "an adequate and complete remedy at law is provided, our courts, though clothed
with equitable jurisdiction, will not grant equitable relief."). SUBSTANTIVE LAW AND APPLICATION

 The purpose of a temporary injunction is to maintain the status quo of the litigation's subject
matter pending a trial on the merits. Butnaru, 84 S.W.3d at 204. Status quo has long been defined
as "the last, actual, peaceable, non-contested status which preceded the pending controversy." State
v. Southwestern Bell Tel. Co., 526 S.W.2d 526, 528 (Tex. 1975) (superseded by statute on other
grounds). To be entitled to temporary injunctive relief an applicant must prove (1) a probable right
to recovery, and (2) a probable injury. Id. To establish a probable right to recovery, the applicant
must establish he has a cause of action for which he may be granted relief. See Walling v. Metcalfe,
863 S.W.2d 56, 57-58 (Tex. 1993). To prove a probable injury, an applicant must establish imminent
harm, irreparable injury, and no adequate remedy at law for damages. Bankler v. Vale, 75 S.W.3d 29,
39 (Tex. App.-San Antonio 2001, no pet.). 

 In this case, Victory is challenging the trial court's grant of injunctive relief based on the
existence of an adequate legal remedy. Victory argues injunctive relief was improper because Kaler
merely seeks unliquidated damages for which it may obtain money damages and injunctive relief is
improper when the damage claim has no relation to the assets enjoined. We agree. 

 Generally, an adequate remedy at law exists and injunctive relief is improper where any
potential harm may be "adequately cured by monetary damages." Ballenger v. Ballenger, 694 S.W.2d
72, 77 (Tex. App.-Corpus Christi 1985, no writ). The Texas courts have long followed this general
rule and prohibited the use of an injunction to secure the legal remedy of damages by freezing assets
unrelated to the subject matter of the suit. See, e.g., Nowak v. Los Patios Investors, Ltd., 898 S.W.2d
9, 11 (Tex. App.-San Antonio 1995, no writ) Harper v. Powell, 821 S.W.2d 456, 457 (Tex.
App.-Corpus Christi 1992, no writ); Lane v. Baker, 601 S.W.2d 143 (Tex. Civ. App.-Austin 1980,
no writ); Frederick Leyland & Co. v. Webster Bros. & Co., 283 S.W. 332, 335 (Tex. Civ. App.-Dallas
1926), writ dism'd w.o.j., 115 Tex. 511, 283 S.W. 1071 (1926). The United States Supreme Court
has also firmly rejected the use of an injunction for this purpose: 

 Every suitor who resorts to chancery for any sort of relief by injunction may, on a
mere statement of belief that the defendant can easily make away with or transport his
money or goods, impose an injunction on him . . . disabling him to use so much of his
funds or property as the court deems necessary for security or compliance with its
possible decree. And, if so, it is difficult to see why a plaintiff in any action for a
personal judgment in tort or contract may not, also, apply to the chancellor for a so-called injunction sequestrating his opponent's assets pending recovery and satisfaction
of a judgment in such a law action. No relief of this character has been thought
justified in the long history of equity jurisprudence.


De Beers Consol. Mines v. U.S., 325 U.S. 212, 222-23 (1945). 

 While there are exceptions to the general rule, they are inapplicable here. See, e.g., Deckert
v. Indep. Shares Corp., 311 U.S. 282, 289 (1940) (party seeking injunction to preserve assets or their
proceeds that are subject to a pled equitable remedy such as rescission, constructive trust, or
restitution); Butnaru, 84 S.W.3d at 211 (party seeking injunction to enjoin assets that form basis of
underlying suit, i.e., right to the asset is basis of suit); Khaledi v. H.K. Global Trading, Ltd., 126
S.W.3d 273, 278-79 (Tex. App.-San Antonio 2003, no pet.) (party seeking injunction has security
interest in asset sought to be enjoined); Nowak, 898 S.W.2d at 11 (citing Teradyne, Inc. v. Mostek
Corp., 797 F.2d 43, 45 (1st Cir. 1986)) (party seeking injunction to enjoin assets specifically set aside
for purpose of satisfying potential judgment in underlying suit). (2) Kaler has not alleged or presented
evidence that it has a security interest in the drilling rig or any other Victory asset. Kaler has not
requested any equitable remedy for which an injunction might be available. Likewise, the Teradyne
exception recognized in Nowak is inapplicable here because the assets enjoined by Kaler were not
specifically set aside to satisfy any potential judgment. Finally, neither the drilling rig nor any other
Victory asset forms the basis of Kaler's underlying claim. Rather, the subject matter of the pending
litigation is Victory's alleged tortious conduct and breach of contract in relation to the drilling of an
oil well-not the right to the drilling rig used to drill the well or the right to any other Victory assets. 
Kaler claims no interest in any Victory asset except as a means of satisfying a potential judgment. 
Kaler's attempt to freeze the assets of Victory puts the proverbial cart before the horse. 

 We recognize Kaler presented evidence that Victory will dissipate its assets and become
judgment-proof. While the Texas Uniform Fraudulent Transfer Act may provide a remedy to
counteract such actions, Kaler did not invoke that law in its pleadings in the trial court. See Tex. Bus.
& Com. Code Ann. § 24.001, et seq. (Vernon 2002 & Vernon Supp. 2006). For the reasons stated
above, we sustain Victory's issue. CONCLUSION

 The trial court misapplied the law to established facts and thus abused its discretion. See Wu,
216 S.W.2d at 4. More specifically, the trial court granted injunctive relief to secure the legal remedy
of damages by freezing assets unrelated to the subject matter of the suit when no recognized exception
to the general rule prohibiting such action exists. Therefore, we hold the trial court abused its
discretion in granting injunctive relief. Accordingly, we reverse the trial court's order, dissolve the
temporary injunction, and remand the case for further proceedings consistent with this opinion. 


 Steven C. Hilbig, Justice



1. Though Victory purports to raise two issues challenging the trial court's decision to grant a temporary
injunction, a review of the brief reveals there is only one issue. The second issue is simply a more specific statement of
the first. 
2. In addition to citing Teradyne, the appellant in Nowak also cited Tex. Indus. Gas v. Phoenix Metallurgical
Corp., 828 S.W.2d 529, 531 (Tex. App.-Houston [1st Dist.] 1992, no writ). The applicant in Tex. Indus. Gas was
seeking to enforce a contractual provision pending trial, not to freeze assets. Kaler did not see to enforce any contractual
provision and thus Tex. Indus. Gas is inapplicable.