

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID REYES AND SONIA VALENZUELA, | § | |
| | § | No. 08-12-00200-CV |
| Appellants, | | |
| | § | Appeal from the |
| v. | | |
| | § | 346th Judicial District Court |
| ANNETTE BURRUS AND TORNILLO DTP VI, LLC d/b/a GBT REALTY CORPORATION, | § | of El Paso County, Texas |
| | § | (TC#2012-DCV03532) |
| Appellees. | | |
| | § | |

## **O P I N I O N**

This is an accelerated interlocutory appeal from a trial court's order enjoining David Reyes and Sonia Valenzuela from receiving settlement funds from their attorney's trust account. *See* TEX.CIV.PRAC.&REM.CODE ANN. 51.014(a)(4)(West Supp. 2012)(allowing appeal from interlocutory order of district court granting or refusing a temporary injunction or granting or overruling a motion to dissolve temporary injunction). In two issues, Reyes and Valenzuela[1] contend that the trial court erred in issuing the injunction because: (1) Annette Burrus failed to show a probable right of recovery on her suit against them; and (2) the temporary injunction affected funds unrelated to the subject matter of Burrus's suit. Concluding that Appellants are

---

[1] For the sake of convenience and simplicity, we will refer to Reyes and Valenzuela, who are married, as Appellants throughout this opinion.

correct, we reverse the trial court's order, dissolve the temporary injunction, and remand the case for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves the alleged tortious interference with a contract to sell real property. In June 2011, Annette Burrus agreed to sell two acres of her property to Tornillo DTP VI, LLC d/b/a GBT Realty Corporation for development. Burrus informed Appellants, who had been living in a mobile home on the property since 1994, that they would have to vacate the property after it was sold. Burrus sold the property to Tornillo in February 2012.

Appellants did not vacate the premises and, instead, sued Burrus and Tornillo. Appellants sought a declaratory judgment that they owned the mobile home and land upon which it sat by virtue of adverse possession and asserted causes of action for trespass to real property, breach of contract, violations of an executory contract, and statutory fraud. Burrus answered, denying that Appellants owned the mobile home and land. Burrus also filed a counter-claim against Appellants, alleging that they had tortiously interfered with her existing contract with Tornillo by filing their lawsuit.

In conjunction with her counter-claim, Burrus sought to temporarily enjoin Tornillo from making any settlement payments to Appellants, who had agreed to vacate the premises and relinquish title and possession in exchange for Tornillo's payment of $64,000 to them. Following a telephonic hearing, the trial court granted a temporary restraining order, but permitted the partial disbursement of $10,000 to Appellants for relocating expenses. A few days later, the trial court

2

held an evidentiary hearing on the temporary injunction.  By then, Appellants had vacated the premises and were awaiting the disbursement of the remainder of the settlement.

At the hearing, Burrus argued that a temporary injunction was necessary to ensure that she could collect a potential judgment against Appellants because they were paupers and hence judgment proof.  The trial court was swayed, ordering that the remainder of the settlement be deposited into the trust account of Appellants' attorney and enjoining her from disbursing the funds to them.

## TEMPORARY INJUNCTION

As was mentioned above, Appellants have raised two issues challenging the trial court's order. [2]  We begin our discussion with the second issue, however, as its resolution disposes of this appeal.  In their second issue, Appellants argue that the trial court abused its discretion in granting the temporary injunction because Burrus impermissible enjoined assets unrelated to the subject matter of her suit against them as a means of satisfying a potential money judgment.  We agree.

### *Standard of Review*

---

[2] Appellants also argue that as a matter of law, they cannot be liable for tortious interference because they were exercising their own legal rights or, in the alternative, pursuing a colorable legal right in good faith and were therefore justified in interfering with Burrus's contract.  *See Marrs and Smith Partnership v. D.K. Boyd Oil and Gas Co., Inc.*, 223 S.W.3d 1, 19 (Tex.App.--El Paso 2005, pet. denied)(noting that even if the plaintiff establishes the defendant tortiously interfered, the defendant may still prevail by establishing his justification in doing so "based on either the exercise of [his] own legal rights, or a good faith claim to a colorable legal right, even though that claim ultimately proves to be mistaken.").  However, Appellants first raise this argument in their reply brief.  The Rules of Appellate Procedure do not permit an appellant to raise an issue in a reply brief that was not included in his original brief. TEX.R.APP.P. 38.3; *Fox v. City of El Paso*, 292 S.W.3d 247, 249 (Tex.App.--El Paso 2009, pet. denied).  An issue raised for the first time in a reply brief is waived and need not be considered by an appeals court.  *Fox*, 292 S.W.3d at 249; *Few v. Few*, 271 S.W.3d 341, 347 (Tex.App.--El Paso 2008, pet. denied); *Gray v. Woodville Health Care Center*, 225 S.W.3d 613, 620 (Tex.App.--El Paso 2006, pet. denied).  Accordingly, Appellants have failed to preserve this argument for review.

The decision to grant or deny a temporary injunction lies within the trial court's sound discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A trial court abuses its discretion when it acts unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Id*. at 211. For example, a trial court abuses its discretion if it misapplies the law to established facts. *See id*. In addition, a trial court abuses its discretion if it grants an injunction in the face of an adequate remedy at law. *Harris County v. Gordon*, 616 S.W.2d 167, 168, 170 (Tex. 1981).

### *Applicable Law*

The purpose of a temporary injunction "is to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru*, 84 S.W.3d at 204. To be entitled to a temporary injunction, the applicant must prove: (1) a probable right to recovery; and (2) a probable injury. *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex. 1975)(superseded by statute on other grounds). To establish a probable right to recovery, the applicant must establish she has a cause of action for which she may be granted relief. *See Walling v. Metcalfe*, 863 S.W.2d 56, 57-58 (Tex. 1993). To prove a probable injury, the applicant must establish imminent harm, irreparable injury, and no adequate remedy at law for damages. *Bankler v. Vale*, 75 S.W.3d 29, 39 (Tex.App.--San Antonio 2001, no pet.).

Generally, an adequate remedy at law exists and injunctive relief is improper where any potential harm may be "adequately cured by monetary damages." *Ballenger v. Ballenger*, 694 S.W.2d 72, 77 (Tex.App.--Corpus Christi 1985, no writ). A corollary to this general rule is the principle that a temporary injunction cannot be used to secure the legal remedy of damages by

4

freezing assets unrelated to the subject matter of the suit. *See*, *e.g.*, *Nowak v. Los Patios Investors, Ltd.*, 898 S.W.2d 9, 11 (Tex.App.--San Antonio 1995, no writ); *Harper v. Powell*, 821 S.W.2d 456, 457 (Tex.App.--Corpus Christi 1992, no writ); *Lane v. Baker*, 601 S.W.2d 143, 145 (Tex.Civ.App.--Austin 1980, no writ); *Frederick Leyland & Co. v. Webster Bros. & Co.*, 283 S.W. 332, 335 (Tex.Civ.App.--Dallas 1926), *writ dism'd w.o.j.*, 115 Tex. 511, 283 S.W. 1071 (1926)(all reversing temporary injunctions freezing assets unrelated to the subject matter of the suit).

### *Discussion*

Contrary to Burrus's assertion, the temporary injunction in this case impermissibly froze assets unrelated to the subject matter of Burrus's suit against Appellants. As pled by Burrus, the subject matter of her tortious-interference cause of action was the recovery of money damages related to the loss of the benefits of her contract with Tornillo caused by Appellants' refusal to vacate the premises and institution of suit[3]—not the recovery of funds obtained by Appellants from a settlement with Tornillo.

Burrus argues that the settlement funds are related to the subject matter of her suit against Appellants. In so arguing, Burrus asserts the subject matter of her suit "deals with Tornillo's purchase of the subject property . . . that two Judges found . . . [Appellants] did not have the ownership interest to sell . . . and the funds that were paid to both [her] and [A]ppellant[s]."

---

[3] Although Appellants' refusal to vacate the premises was not pled by Burrus as a basis for relief, the record reveals it was tried by consent at the hearing. Evidence was developed on the issue, both Appellants and Burrus argued about its legal significance, and, more importantly, Appellants never once complained that this was not an issue to be tried. *See Phillips v. Phillips*, 296 S.W.3d 656, 670 (Tex.App.--El Paso 2009, pet. denied)(whether issue was tried by consent requires examination of the record for evidence of trial of the issue); *Hartford Fire Ins. Co. v. C. Springs 300, Ltd.*, 287 S.W.3d 771, 780 (Tex.App.--Houston [1st Dist.] 2009, pet. denied)(unpled issue may be deemed tried by consent when evidence on the issue is developed under circumstances indicating that both parties understood the issue was in the case, and the other party failed to make an appropriate complaint).

5

However, nowhere in her petition does Burrus suggest that the basis of her counter-claim against Appellants for tortious interference was Tornillo's purchase of the subject property and the proceeds from that purchase. Indeed, Burrus testified at the temporary injunction hearing that she received payment in full from Tornillo. Nor does Burrus direct our attention to any judgment in the record, and we have found none, adjudicating the merits of Appellants' claims against Burrus and Tornillo. Burrus's reliance on the trial court's orders temporarily restraining and ultimately enjoining Appellants fails to prove that Appellants did not have an ownership interest in the subject property because "the ultimate merits of the case are not before the trial court" in a temporary injunction hearing. *Reach Group, L.L.C. v. Angelina Group*, 173 S.W.3d 834, 837 (Tex.App.--Houston [14th Dist.] 2005, no pet.). Burrus has thus failed to establish that the settlement funds are related to the subject matter of her suit against Appellants.

In reality, Burrus sought to freeze assets unrelated to the subject matter of her suit against Appellants as a means of satisfying a potential judgment. In some specific circumstances, it is permissible to freeze these type of assets when the defendant is insolvent or likely to be insolvent at the time a judgment is rendered. *See e.g., Deckert v. Indep. Shares Corp.*, 311 U.S. 282, 289, 61 S.Ct. 229, 233-34, 85 L.Ed. 189 (1940)(party seeking injunction to preserve assets or their proceeds that are subject to a pled equitable remedy such as rescission, constructive trust, or restitution); *Butnaru*, 84 S.W.3d at 211 (party seeking injunction to enjoin assets that form basis of underlying suit, i.e., right to the asset is basis of suit); *Khaledi v. H.K. Global Trading, Ltd.*, 126 S.W.3d 273, 278-79 (Tex.App.--San Antonio 2003, no pet.)(party seeking injunction has security interest in asset sought to be enjoined); *Nowak*, 898 S.W.2d at 11, *citing Teradyne, Inc. v. Mostek*

6

*Corp.*, 797 F.2d 43, 45 (1st Cir. 1986)(party seeking injunction to enjoin assets specifically set aside for purpose of satisfying potential judgment in underlying suit). Burrus did not raise this argument on appeal as a basis for upholding the trial court's ruling. Accordingly, we do not address the propriety of affirming the trial court's order on this basis.

In sum, Burrus failed to establish that she has no adequate remedy at law to secure potential money damages in her cause of action against Appellants and, consequently, that she was entitled to enjoin assets unrelated to the subject matter of her suit against them. Given Burrus's failure to do so, the trial court abused its discretion in granting injunctive relief. We therefore sustain Appellant's second issue.

### CONCLUSION

We reverse the trial court's order, dissolve the temporary injunction, and remand the case back to the trial court for further proceedings consistent with this opinion.

September 25, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.