

# NUMBER 13-21-00079-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DANIEL B. JIMENEZ,                                                    Appellant,

v.

CITY OF ROCKPORT, TEXAS,                                          Appellee.

### On appeal from the 343rd District Court of Aransas County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

Appellant Daniel B. Jimenez sued the City of Rockport (the City) challenging the City's order requiring the demolition of Jimenez's property and complaining of the City's denial of a building permit and zoning variance. The City filed a combined plea to the jurisdiction and motion for summary judgment. The trial court dismissed Jimenez's claims

concerning the denial of a building permit and zoning variance for want of subject-matter jurisdiction. The trial court granted the City's motion for summary judgment on Jimenez's challenge to the demolition order (Cause 1). It severed the City's request for attorney's fees and costs into a separate cause (Cause 2) and later entered a final judgment awarding the City attorney's fees and costs. Jimenez appeals the trial court's judgment in Cause 2, arguing in one issue that the trial court erred in awarding attorney's fees and costs to the City. We affirm.

## I.  BACKGROUND[1]

Jimenez owns twelve buildings that suffered significant damage from Hurricane Harvey in August 2017. On March 7, 2019, a City code enforcement officer sent twelve notices, one for each building, informing Jimenez that the buildings are "a nuisance to the health, safety, or general welfare of the occupants or the public" and that he needed to demolish them. The notices stated that if Jimenez did not begin demolition within thirty days, the City would seek a demolition order from the City Building & Standards Commission (the Commission). Jimenez failed to timely demolish the buildings, and, after holding two public hearings, the Commission issued an order finding that the buildings were a public nuisance and requiring their demolition.

Jimenez filed suit[2] challenging the Commission's demolition order. Jimenez's petition also complained of the City's refusal to issue a building permit or grant a zoning

---

[1] We derive the factual background from the summary judgment and jurisdictional record as well as the pleadings.

[2] Jimenez filed an original petition and a supplemental petition.

variance to permit Jimenez to reconstruct the buildings. The City filed a combined plea to the jurisdiction and traditional motion for summary judgment. The City argued Jimenez failed to exhaust his administrative remedies with respect to his claims that the City refused to issue a building permit and zoning variance. For this reason, the City maintained that the trial court lacked subject matter jurisdiction over the claims. The City sought summary judgment on Jimenez's challenge to its demolition order, arguing that its evidence established as a matter of law that Jimenez's buildings were a public nuisance subject to demolition.[3] *See* TEX. LOC. GOV'T CODE ANN. § 214.002.

The trial court signed a combined "Order of Severance and Order Dismissing Claims and Final Summary Judgment." In its order, the trial court severed the City's claims for attorney's fees and costs into Cause 2. It granted the City's plea to the jurisdiction and dismissed Jimenez's claims concerning the City's failure to issue a building permit and zoning variance. It further granted the City's motion for summary judgment and entered a take nothing judgment on Jimenez's challenge to the City's demolition order.

Following an evidentiary hearing, the trial court signed a final judgment in Cause 2 finding that the City was entitled to attorney's fees and costs pursuant to § 214.0012(h) of the local government code. *See id.* § 214.0012(h). It awarded the City $69,610 in attorney's fees and $7,946.54 in costs. Jimenez appeals from this judgment.

---

[3] Jimenez does not challenge the trial court's ruling on the City's summary-judgment motion. Therefore, we do not detail the evidence relied on by the City.

3

## II.    DISCUSSION

### A.    Standard of Review & Applicable Law

"Texas law permits municipalities to establish commissions to consider violations of ordinances related to public safety." *City of Dallas v. Stewart*, 361 S.W.3d 562, 565 (Tex. 2012); *see* TEX. LOC. GOV'T CODE ANN. §§ 214.001–.012. As relevant here, "[i]f the governing body of a municipality finds that a building . . . is likely to endanger persons or property, the governing body may . . . order the owner of the structure . . . to . . . demolish the structure . . . within a specified time." TEX. LOC. GOV'T CODE ANN. § 214.002(a)(1); *see id.* § 214.001(a)(1) (authorizing municipalities to adopt ordinances regarding substandard buildings). A property owner "aggrieved by an order of a municipality issued under [§] 214.001 may file in district court a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality." *Id.* § 214.0012(a). An "[a]ppeal in the district court shall be limited to a hearing under the substantial evidence rule." *Id*. § 214.0012(f). "If the decision of the municipality is affirmed or not substantially reversed but only modified, the district court shall allow to the municipality all attorney's fees and other costs and expenses incurred by it and shall enter a judgment for those items[.]" *Id.* § 214.0012(h).

"Texas has long adhered to the American Rule with respect to awards of attorney's fees, which prohibits the recovery of attorney's fees from an opposing party in legal proceedings unless authorized by statute or contract." *Tucker v. Thomas*, 419 S.W.3d 292, 295 (Tex. 2013). Thus, to secure an award of attorney's fees, the prevailing party must prove that: "(1) recovery of attorney's fees is legally authorized, and (2) the

4

requested attorney's fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019). Whether attorney's fees are available under a particular statute is a legal question which we review de novo. *Sunchase IV Homeowners Ass'n, Inc. v. Atkinson*, 65 Tex. Sup. Ct. J. 761, 2022 WL 1051297, at *2 (Apr. 8, 2022) (per curiam).

## B.    Analysis

Jimenez argues that the trial court erred in awarding attorney's fees and costs.[4] He maintains that "in connection with a successful plea to the jurisdiction, attorney's fees and costs are simply not available."

In support of his argument, Jimenez relies on dictum from our Court observing that: "[P]arties who succeed under a plea to the jurisdiction are not thereby entitled to recover their attorney's fees[.]" *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 605 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) (quoting *Wooley v. Schaffer*, 447 S.W.3d 71, 83 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (Frost, C.J., concurring)); *but see Feldman v. KPMG LLP*, 438 S.W.3d 678, 686 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (concluding that the trial court had authority to award attorney's fees under the Uniform Declaratory Judgments Act even though it dismissed the plaintiff's claim on

---

[4] Jimenez argues in his reply brief that the trial court abused its discretion in severing the City's request for attorney's fees and costs. Because he did not raise this issue in his initial brief, we do not address it. *See Reyes v. Burrus*, 411 S.W.3d 921, 924 n.2 (Tex. App.—El Paso 2013, pet. denied) ("An issue raised for the first time in a reply brief is waived and need not be considered by an appeals court.").

jurisdictional grounds); *Devon Energy Prod. Co., L.P. v. KCS Res., LLC*, 450 S.W.3d 203, 222 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (same). However, Jimenez's argument incorrectly assumes that the trial court dismissed all his claims on jurisdictional grounds. As set out above, the trial court granted the City's plea to the jurisdiction only as to his claims regarding the City's failure to grant a building permit and zoning variance. Accordingly, the trial court retained jurisdiction for Jimenez's remaining claim. *See Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006) ("[I]t is proper for a trial court to dismiss claims over which it does not have subject matter jurisdiction but retain claims in the same case over which it has jurisdiction.").

The trial court reached the merits of Jimenez's remaining claim when it granted the City's summary judgment and ordered that Jimenez take nothing on his challenge to the City's demolition order. It then awarded attorney's fees and costs pursuant to the City's successful defense, citing § 214.0012(h) as the statutory basis for the award.[5] *See* TEX. LOC. GOV'T CODE ANN. § 214.0012(h). Because the trial court affirmed the City's demolition order, the statute mandated an award of attorney's fees and costs to the City: "If the decision of the municipality is affirmed . . . , the district court shall allow to the municipality all attorney's fees and other costs and expenses incurred by it[.]" *Id.*; *see Stewart*, 361 S.W.3d at 580 (noting that, under § 214.0012(h), "an unsuccessful appellant must pay the municipality's attorney's fees and costs"). Accordingly, we conclude that the trial court did not err in awarding attorney's fees and costs. *See Atkinson*, 2022 WL

---

[5] Jimenez does not raise any arguments challenging the amount of fees and costs awarded by the trial court.

1051297, at *2. We overrule Jimenez's sole issue.

### III.  CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
9th day of June, 2022.

7